IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TREY ERIC ALFORD,

           Plaintiff,

vs.                                      Case No. 20-3196-SAC

S. BUCHHOLZ, et al.,

           Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to his incarceration at the Douglas County Jail. Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] He also alleges negligence. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

Plaintiff has filed an amended complaint. Doc. No. 7. An amended complaint supersedes the allegations of the original complaint. May v. Segovia, 929 F.3d 1223, 1229 (10th Cir. 2019). Therefore, the court shall consider Doc. No. 7 as the operative complaint in this case. Plaintiff has filed a motion to supplement (Doc. No. 8), asking that the court to consider exhibits filed

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

with the original complaint as part of the amended complaint. The motion to supplement shall be granted.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court

2

accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

## II. Plaintiff's amended complaint

Plaintiff's amended complaint was filed September 10, 2020. In Count One, plaintiff alleges that as a jail inmate on

disciplinary segregation, he was limited to sending no more than two postcards a week when he corresponded with family members or loved ones. He asserts that this violates his First Amendment rights. Plaintiff further alleges in Count One that as a disciplinary segregation inmate he was required to be in restraints while using the "law facilities" at the jail.

In Counts Two and Three, plaintiff alleges that he was required to wear shackles during his exercise period. He claims that this was cruel and unusual punishment and a violation of his due process rights. He asserts that this policy caused him to fall while trying to exercise. Plaintiff claims that he suffered a concussion and lacerations to his wrists and ankles. Finally, in Count Four, plaintiff alleges that there was a negligent failure to train that caused plaintiff's fall and the resulting injuries.

Plaintiff's allegations involve a roughly four-week period in June and July 2020. It is not clear whether plaintiff was serving a sentence or was a pretrial detainee during this time.

It is also unclear how long plaintiff was on disciplinary segregation and had the described restrictions applied to him. Exhibits to the complaint indicate that plaintiff was not on disciplinary segregation on June 25, 2020 and that on July 6, 2020, plaintiff was on disciplinary segregation for threatening to physically harm another person. Doc. No. 1-1, pp. 7 and 10. The amended complaint does not say whether plaintiff could exercise in

4

his cell and what exercises plaintiff could perform during his "free-time" in the yard. The exhibits indicate that plaintiff could do push-ups. Id. at p. 17. In addition, the amended complaint does not state whether plaintiff's lacerations were significant, whether treatment for the lacerations was available, and whether the lacerations were caused by plaintiff attempting to do too much physical activity while in restraints or some other cause.

The docket reflects that plaintiff is no longer at the Douglas County Jail.

III. Screening

A. Qualified immunity

The affirmative defense of qualified immunity appears to apply to plaintiff's damages claims in Counts One, Two and Three given the facts alleged in the amended complaint. This court may properly dismiss an action under § 1915A on the basis of a qualified immunity defense if the defense appears clearly applicable. See Banks v. Geary County Dist. Court, 645 Fed.Appx. 713, 717 (10th Cir. 2016).

Qualified immunity protects governmental officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The court considers: 1) whether the facts plaintiff alleges make out a

5

constitutional violation; and 2) whether the right at issue was clearly established at the time of the alleged misconduct. Keith v. Koerner, 707 F.3d 1185, 1188 (10th Cir. 2013). The court has discretion in deciding which of these two requirements is addressed first. Pearson v. Callahan, 555 U.S. 223, 236 (2009). Here, it is plain that the constitutional rights claimed by plaintiff are not clearly established.

A constitutional right is clearly established if "every reasonable official would have understood that what he is doing violates" the constitutional right at issue. Reichle v. Howards, 566 U.S. 658, 664 (2012)(quotations omitted). This can be shown if "courts have previously ruled that materially similar conduct was unconstitutional, or if a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct at issue." Apodaca v. Raemisch, 864 F.3d 1071, 1076 (10th Cir. 2017)(quotations omitted). The court must decide whether "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts . . . have found the law to be as the plaintiff maintains." Clark v. Wilson, 625 F.3d 686, 690 (10th Cir. 2010)(quotation omitted). "The dispositive question is whether the violative nature of the *particular conduct* is clearly established." Aldaba v. Pickens, 844 F.3d 870, 877 (10th Cir. 2016)(quotations omitted). The law is not

clearly established unless such case precedent places the question beyond debate. Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).

The court is unaware of a Supreme Court or Tenth Circuit decision which clearly establishes that the facts in the amended complaint describe a constitutional violation. In Ogden v. Figgins, 2017 WL 5068906 *2 (D.Kan. 11/3/2017), the court observed that neither the Supreme Court nor the Tenth Circuit had directly addressed the issue of the constitutionality of a jail policy that required all correspondence to and from all inmates be conducted on postcards. The Eleventh Circuit affirmed a qualified immunity finding as to a postcard-only rule more recently in Bennett v. Langford, 796 Fed.Appx. 564, 569 (11th Cir. 11/8/2019).

As to plaintiff's complaint that he was shackled during an exercise period, there are cases which have dismissed claims by inmates complaining of being shackled during exercise periods. E.g., Ali v. Carney, 2020 WL 7335466 *7 (E.D.Pa. 12/14/2020)(shackling pretrial detainee on segregation during exercise period); Ates v. Norsworthy, 2017 WL 6210902 *3 (W.D.Tex. 12/8/2017)(inmate in segregation shackled for months during recreation); Gomez v. Sepiol, 2014 WL 1575872 *16 (W.D.N.Y. 4/11/2014)(handcuffs and waist chain during recreation); see also Murray v. Raney, 2012 WL 5985543 *7 (D.Idaho 11/29/2012)(granting qualified immunity against claim of shackling inmate while in exercise yard).

There may also be case authority which suggests a contrary result under somewhat different facts.[2] But, the court cannot find any clearly established precedent which would support finding a constitutional violation upon the facts alleged in the amended complaint.[3]

B. Access to the courts

Plaintiff has failed to state a claim that his right of access to the courts has been violated by requiring that he wear shackles while he used the law library. To make an access-to-the courts claim, plaintiff must show that the denial of access caused an actual injury. Lewis v. Casey, 518 U.S. 343, 350 (1996). In general, an actual injury occurs if a nonfriviolous and arguable claim was lost because of the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). This is an element which must be described in the complaint. Id. at 415. Plaintiff has not alleged facts showing that restrictions upon his use of the library has caused an actual loss of a nonfriviolous and arguable claim. Therefore, plaintiff has not stated a claim for denial of access to the courts.

---

[2] E.g., Gardner v. Murphy, 2014 WL 887076 *8 (D.Conn. 3/6/2014)(denying summary judgment to defendants on qualified immunity claim involving administrative segregation inmate cuffed behind his back and wearing ankle shackles during recreation).

[3] To be clear, the court is not aware of contrary authority from the Tenth Circuit or the Supreme Court.

## C. Negligence

Count Four reads as follows: "Negligence – Failure to train * Failure to train because its poor vigilance by telling someone to exercise in handcuffs and shackles." Negligence claims fail to meet the requirement of showing a violation of federal law enforceable under § 1983. "Liability under § 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant, and not on negligence." Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995)(quotations omitted). Plaintiff does not allege facts showing that defendants knew of or recklessly disregarded the risk that plaintiff would fall or otherwise be hurt while shackled and that such an injury would be significant, more significant than ordinary abrasions caused by the restraints. Thus, he does not satisfy the elements to state a claim for deliberate indifference in violation of the Eighth or Fourteenth Amendments. See Strain v. Regalado, 977 F.3d 984, 991-93 (10th Cir. 2020)(applying deliberate indifference test under the Fourteenth Amendment for pretrial detainees); Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(describing Eighth Amendment deliberate indifference test for sentenced prisoners).

## D. Injunctive or declaratory relief

Because plaintiff is no longer subject to the rules of the Douglas County Jail, the court finds that any claim for injunctive or declaratory relief against defendant employees or supervisors

of the jail is moot. See Cleveland v. Martin, 590 Fed.Appx. 726, 729-30 (10th Cir. 2014); Beierle v. Colorado Dept. of Corrections, 79 Fed.Appx. 373, 375 (10th Cir. 2003).

IV. Motions to appoint counsel

Plaintiff has filed two motions to appoint counsel (Doc. Nos. 3 and 5). At this stage in the case, the court shall deny the motions. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff faces obstacles in presenting the facts and law concerning his case. But, this is a relatively straightforward case and, at this point in time, the court is not convinced that appointment of counsel is warranted. Considering all of the circumstances, including that the merits of the case are unclear, the court shall deny plaintiff's motions for appointment of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

V. Conclusion

Plaintiff's amended complaint (Doc. No. 7) shall be considered the operative complaint. Plaintiff's motion to supplement amended complaint (Doc. No. 8) shall be granted consistent with this order. Plaintiff's motions for appointment of counsel (Doc. Nos. 3 and 5) are denied without prejudice. For the reasons stated herein, the court finds that the amended complaint is subject to dismissal. Plaintiff is hereby granted time until February 16, 2021 to show cause why this action should not be dismissed or to file another amended complaint which corrects the deficiencies discussed in this order.

**IT IS SO ORDERED.**

Dated this 19th day of January 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge